UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: JADE MARINE, INC., AS OWNER
AND OPERATOR OF THE M/V KAMA

CIVIL ACTION

NO. 26-00864

SECTION "N"

## ORDER AND REASONS

Before the Court is Claimant's Motion to Lift Stay[1] by which Claimant James R. Pogue asks the Court to lift its stay order of May 14, 2026. Jade Marine, Inc., owner and operator of the M/V KAMA, submitted no opposition. Considering the Claimant's memorandum, the record, and applicable law, the Court issues this order granting the motion.

## I.     Background

Claimant alleges that he suffered injuries while working as a member of the crew aboard the M/V KAMA in navigable waters. He claims that on December 4, 2025, while the M/V KAVA was docked in Port Fourchon, Louisiana, he sustained severe and disabling injuries when he slipped on a set of stairs, fell on his back and right shoulder, hit his head, and lost consciousness.[2] Upon receiving notice of Claimant's alleged injury, the owner and operator of the M/V KAMA, Jade Marine, Inc., initiated this limitation proceeding. Jade Marine filed a Complaint for Exoneration from and/or Limitation of Liability[3] as well as an ad interim stipulation

---

[1] Rec. Doc. 11.
[2] *See* Rec. Doc. 5 ¶¶ 4-5.
[3] Rec. Doc. 1.

seeking to establish the value of the M/V KAMA at $650,000.[4] The Court issued an order staying prosecution of claims and directing the issuance of notice to claimants.[5] Claimant filed a timely answer and claim.[6] No other claimant filed a claim within the allotted time period.

## II.    Law and Analysis

Claimant seeks relief from the limitation stay so that he may file a lawsuit in Louisiana state court against Jade Marine.

The Limitation of Liability Act[7] is a federal maritime law that limits the liability of a shipowner to not more than the value of the vessel at fault and her pending freight if the casualty occurred without the privity or knowledge of the shipowner. Federal courts have exclusive jurisdiction over suits invoking the Act, "saving to suitors … all other remedies to which they are otherwise entitled."[8] When a shipowner files a limitation action under Rule F of the Federal Rules of Civil Procedure's Supplemental Rules for Admiralty or Maritime Claims, the court stays all related claims against the shipowner arising out of the same accident, secures the value of the vessel or owner's interest, and requires all claimants to assert their claims in the limitation court.[9] The purpose of the Act "is to protect the shipowner who has an absolute right to limit his or her liability, and to consolidate all actions

---

[4] Rec. Doc. 1-4.
[5] Rec. Doc. 9.
[6] Rec. Docs. 5, 6.
[7] 46 U.S.C. § 30501 *et seq.*
[8] 28 U.S.C. § 1333.
[9] *See, e.g., Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

against the owner into a single case where all claims may be disposed of simultaneously."[10]

In line with these principles, claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding and that the claimants will not seek to enforce a greater damage award until the federal court hears the limitation action.[11] The stipulations act to protect the rights of the shipowners under the Act. Once the district court is satisfied that a vessel owner's right to seek limitation is protected, the claimants may proceed in state court.[12]

Here, Claimant filed a Limitation of Liability Stipulation[13] in which he stipulates that: (1) Jade Marine has the right to litigate all issues relating to limitation of liability in federal court; (2) he will not seek in any court other than this Court any judgment or ruling on the issue of Jade Marine's right to limitation of liability; (3) he consents to waive any claim of res judicata relevant to any issue related to limitation of liability based on any judgment that any court other than this Court may render; and (4) he will not seek or enforce any judgment and will not recover in excess of the value of the M/V KAMA and her freight then-pending, pending adjudication of the complaint of limitation of liability in this Court.

---

[10] *In re Blessey Enters., Inc.*, 537 Fed. App'x 304, 305 (5th Cir. 2013) (internal citation omitted).

[11] *In re Tetra Applied Techs.*, 362 F.3d 338, 341 (5th Cir. 2004).

[12] *Id.* (citing *Lewis*, 531 U.S. at 454); *see also In re Complaint of FKM, Inc.*, 122 Fed. App'x 783, 784 (5th Cir. 2005).

[13] Rec. Doc. 10.

The Court finds that these stipulations, by the sole claimant in this limitation proceeding, are sufficient to protect Jade Marine's rights under the Act.

## III.    Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Lift Stay[14] is **GRANTED**, and the stay[15] is **HEREBY LIFTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this action without prejudice to the right of any party to file a motion to reopen the proceedings at such time, if any, it shall become necessary for this Court to determine issues relevant to limitation and/or exoneration. This order shall not be considered a dismissal or disposition of this matter, and should further proceedings become necessary or desirable, any party may initiate such motion as if this order had not been entered.

New Orleans, Louisiana, this 25th day of June, 2026.

_____
ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE

---

[14] Rec. Doc. 11.
[15] Rec. Doc. 9.

4